<u>FOR PUBLICATION</u>

UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                :      Chapter 13
In re:                         :
                                :      Case No. 05-55024 (cgm)
     JOHN M. WARNECK and      :
     JEWEL B. WARNECK,        :
                                :
                  Debtors.   :
                                :
-------------------------------------------------------------X

### MEMORANDUM DECISION ON MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(C)(3)(B)

**A P P E A R A N C E S :**

Rick Cowle, Esq.
90 Gleneida Avenue
Carmel, NY 10512
*Attorney for the Debtors*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

      The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

("BAPCPA") added several provisions to the Bankruptcy Code wherein the automatic

stay, which normally arises whenever a bankruptcy case is commenced, is either limited

in duration or not triggered.  Because the above-captioned Debtors were also Debtors in a

prior bankruptcy case that was pending and dismissed within one year prior to filing of

the instant petition, pursuant to 11 U.S.C. § 362(c)(3) the automatic stay would have

terminated on the 30th day after the filing of this case but for the motion by Debtors

seeking a continuation of the stay.  Following a hearing December 13, 2005, the Court

granted the Debtors' motion extending the automatic stay in the above-captioned case as

to all creditors, with no limitations.  As explained below, the Court extended the stay in

this case because no presumption of bad faith arose as to this filing.  Where no

presumption of bad faith arises, and where no party objects, a request to extend the

automatic stay should be liberally granted.


### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28

U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge

Robert J. Ward dated July 10, 1984.  This motion to extend the automatic stay is

analogous to a motion to terminate, annul or modify the automatic stay, and the

determination is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G).


### Background

Debtors, John M. Warneck and Jewel B. Warneck, filed this joint Chapter 13 case

on November 9, 2005 (the "Pending Case").  Thus the BAPCPA, which became effective

as to cases filed after October 17, 2005, applies to the Pending Case.

This is the third bankruptcy filing by these Debtors, all under Chapter 13.

Debtors' first case, 03-37404 (the "First Filing"), was filed October 9, 2003 and

dismissed June 10, 2004.  The second case, 04-36851 (the "Second Filing"), was filed

August 5, 2004 and dismissed on January 19, 2005.  The First Filing and the Second

Filing were both dismissed by Court order after application of the Chapter 13 trustee,

with consent of the Debtors and their counsel, and both were dismissed prior to

confirmation.  The First Filing was dismissed pursuant to 11 U.S.C. § 1307(c)(1), for

"unreasonable delay by the debtor that is prejudicial to creditors".  The Second Filing

was dismissed pursuant to 11 U.S.C. § 1307(c)(4) for failure to make the plan payments required by 11 U.S.C. § 1326.

Two days after filing the Pending Case, Debtors made this motion.  The motion was supported by nearly identical affidavits from each Debtor, stating that the First Filing was dismissed because the Debtors were behind in plan payments and other expenses and could not catch up given their limited income, which is derived solely from Social Security.  Debtors also state that during the Second Filing they received contributions from their daughter and son-in-law, who were both gainfully employed at the commencement of the Second Filing; however, after their daughter's work hours were reduced and their son-in-law was "laid off of work due to injury/illness" the Debtors were again unable to make plan payments.  The Debtors state that their daughter and son-in-law are again willing to make contributions to the Chapter 13 plan, that their daughter has now started her own licensed business with a steady income, and that their son-in-law has recovered and returned to work.  In addition, the Debtors' daughter and son-in-law now live with them and share some of the Debtors' living expenses.  The Debtors assert that the Pending Case is filed "in good faith with the intention and desire to maintain the plan payments for 60 months," and state that they "desire to remain in our home and bring ourselves back to financial health once again."

## Discussion

Bankruptcy Code Section 362(a) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" various acts, including: "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to create, perfect, or enforce against

property of the debtor any lien to the extent that such lien secures a claim that arose [pre-petition]." 11 U.S.C. § 362(a)(3), (5).

Section 362(c) sets forth the duration of the automatic stay. Generally the automatic stay continues to stay "an act against property of the estate" until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1). All other acts are stayed until the time the case is closed or dismissed, whichever is earlier. 11 U.S.C. § 362(c)(2).

Section 362(c)(3), a section added by the BAPCPA, limits the duration of the automatic stay under certain circumstances, unless a party timely moves to extend the stay.

Section 363(c)(3) provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section –

* * *

    (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –

        (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

        (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

        (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –

            (i) as to all creditors, if –

                (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to –

    (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

    (bb) provide adequate protection as ordered by the court; or

    (cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded –

    (aa) if a case under chapter 7, with a discharge; or

    (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

Section 362(c)(3) applies where one prior bankruptcy case was pending in the preceding year and provides that the automatic stay in the subsequent case will terminate "with respect to the debtor" on the 30th day after the filing "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease". 11 U.S.C. § 362(c)(3)(A). Section 362(c)(3) applies to the Pending Case because although the Pending Case is the Debtors' third filing, it is only the second filing in the past year. Section 362(c)(3) does not require consideration of debtors' prior filings that were not "pending within the preceding 1-year period". The Court will consider only the Second Filing in this analysis under Section 362(c)(3).

Notwithstanding the provision in Section 362(c)(3)(A) that the automatic stay in

"shall terminate with respect to the debtor on the 30th day after the filing," the automatic

stay may be extended on motion by a party in interest. 11 U.S.C. § 362(c)(3)(B). The

bankruptcy court may grant such a motion after notice and a hearing, which shall be

completed prior to the expiration of the 30-day period. *Id.* The court may extend the

automatic stay under Section 362(c)(3)(B) if the moving party meets its burden of proof

that the filing of the instant case is "in good faith as to the creditors to be stayed". The

standard of proof that the moving party must meet depends upon whether or not the

instant case is presumed to have been filed in bad faith, a presumption which may arise

under Section 362(c)(3)(C).

The analysis in Section 362(c)(3)(C) is directed at several types of conduct. The

presence of one or more of the acts identified in Section 362(c)(3)(C) will trigger the

presumption that the instant case was filed in bad faith, and this presumption can only be

rebutted by "clear and convincing evidence to the contrary". *Id.* The following acts or

omissions are listed in Section 362(c)(3)(C):

- More than one bankruptcy case (under any chapter) was
  pending against the debtor[1] in the year prior to the filing of the
  instant case. 11 U.S.C. § 362(c)(3)(C)(i)(I).

- The debtor, in a prior case pending against him or her in the
  year prior to the filing of the instant case, failed to take any of
  three specifically defined acts:

  - Failure to "file or amend the petition or other documents as
    required by the Bankruptcy Code or the court, without
    substantial excuse;

  - Failure to provide court-ordered adequate protection; or

  - Failure to perform the terms of a plan confirmed by the
    court.

---

[1]        In a joint bankruptcy case, the application of Section 362(c)(3) to each debtor must be analyzed
separately. *See In re Parker*, No. 05-55061 (Bankr. S.D.N.Y. Jan. 4, 2006).

11 U.S.C. § 362(c)(3)(C)(i)(II).

-    There is no substantial change in the financial or personal
     affairs of the debtor since dismissal of his or her last
     bankruptcy case, and there is no other reason to conclude that
     the instant case will conclude with either a discharge in
     Chapter 7 or a confirmed and fully performed plan under
     Chapter 11 or Chapter 13. 11 U.S.C. § 362(c)(3)(C)(i)(III).

-    The debtor's prior case was dismissed when either a creditor's
     motion for relief from the automatic stay was still pending or
     had been resolved by terminating, conditioning or limiting the
     stay as to actions of the creditor. 11 U.S.C. § 362(c)(3)(C)(ii).

Except for the last of these, when any of the conditions described above are

present, the latest bankruptcy filing is presumably filed in bad faith as to all creditors.

The circumstances described in Section 362(c)(3)(C)(ii) raise a presumption that the

filing is in bad faith only as to the specific creditor that moved for relief from the

automatic stay under Section 362(d) in the prior bankruptcy case.  The Court also

observes that, with one exception, the presence or absence of the conditions described in

Section 362(c)(3)(C) can usually be determined by review of the public record in the

previously filed case or cases.  The exception is 11 U.S.C. § 362(c)(3)(C)(i)(III).

Whether or not there has been a "substantial change" in the debtor's financial affairs

since the dismissal of his or her prior case and whether the debtor is likely to fare better

in the instant case will normally be a question of fact for the bankruptcy court to

determine on a case-by-case basis.

For the following reasons, no presumption of bad faith arises in the Pending Case:

-    The Debtors were not debtors in more than one previous case that was
     pending in the year prior to the filing date of the Pending Case.

-    Because the Debtors' Second Filing was dismissed for failure to make
     payments pursuant to a proposed plan of reorganization that had not
     yet been confirmed, the provision in Section 362(c)(3)(C)(i)(II)(cc) –

failure to "perform the terms of a plan confirmed by the court" – does not apply.[2]

- There is no evidence that the Debtors failed to file or amend their petition, or other documents in the Second Filing. There is also no record in the Second Filing of any motion to lift the automatic stay, and no evidence that the Debtors failed to provide court-ordered adequate protection to any party.

- The Debtors have filed affidavits from their daughter, Amy Wade, and son-in-law, William Wade, stating that they are willing and able to fund the Debtors' plan in the amount necessary to complete a Chapter 13 plan. There is no reason to believe that either Amy Wade or William Wade will again experience the misfortunes that doomed the Second Filing. Amy is now self-employed with a steady income stream, which is a change from her status at the time of the Second Filing. In any event, the focus in Section 362(c)(3)(C)(i)(III) is whether there has been a substantial change in the financial or personal affairs of the debtor "since the dismissal of the next most previous case". At the time the Second Filing was dismissed, Amy's hours were reduced and William had been laid off. Both are now employed, which is a substantial change from the state of the Debtors' affairs at the time of the dismissal of the Second Filing.

- The availability of third-party contributions of up to $1,500 per month (in addition to the Debtors' disposable income) constitutes a "substantial change" in both the financial and personal affairs of the Debtors. The availability of third-party funding, supported by affidavits from the contributing parties, provides a sufficient reason to conclude that this case will result in a confirmed Chapter 13 plan that can be fully performed. The Debtors have also demonstrated in their own affidavits, and from their demeanor in Court, that they are now confident that they can realistically maintain their Chapter 13 plan payments for the life of the plan. The Debtors have provided the Court with concrete and documented reasons why their personal and financial circumstances in the Pending Case are different from their prior cases, and the Court is satisfied that the Pending Case can result in a confirmed and completed plan rather than dismissal. The Debtors' proposed Chapter 13 plan would pay $655 per month for 60 months (a total of $39,300), which would provide: (1) payment in full of pre-petition mortgage arrears of $34,331, (2) a commission of 10% (approximately $3,930) to the Chapter 13 trustee, (3) $850 in attorney fees to their bankruptcy counsel, (4) $150, the unpaid portion of the bankruptcy filing fee, and (5) the remainder to any general unsecured

---

[2]    Section 1326 requires debtors to commence payments pursuant to a proposed Chapter 13 plan prior to confirmation. At the latest, Chapter 13 debtors must commence payments to the Chapter 13 trustee within 30 days after filing the proposed plan.

- 8 -

creditors filing claims.[3]  The Debtors have demonstrated that they now
have more than sufficient sources to fund the proposed plan, and the
plan is not unconfirmable on its face.  In resolving a motion to extend
the automatic stay it is not necessary to decide whether the plan as
proposed can actually be confirmed.  The standard in Section
362(c)(3)(C)(i)(III) is a low one – whether "any other reason" exists
"to conclude that the [Pending Case] will be concluded" with a
confirmed Chapter 13 plan that will be fully performed.  All that the
Court decides today is that the Debtors have shown a reasonable
likelihood that they can propose a plan of reorganization that can be
confirmed and fully performed.

Where no presumption of bad faith arises under Section 362(c)(3)(C), the party

seeking to extend the automatic stay is required to affirmatively "demonstrate" that the

case is filed in good faith as to the creditors to be stayed.  As discussed above, the

Debtors provided ample evidence, in the form of affidavits and through the brief

testimony of Jewel Warneck at the December 13, 2005 hearing, to demonstrate that the

instant filing is in good faith as to all creditors.  Accordingly, the Debtors are entitled to

an extension of the automatic stay as to all creditors, and with no restrictions other than

those in Section 362(c)(1).

### Conclusion

The foregoing decision sets forth the Court's reasons for granting the motion to

extend the automatic stay.

Dated: Poughkeepsie, New York
    January 4, 2006                /s/ Cecelia Morris
                          CECELIA G. MORRIS
                          UNITED STATES BANKRUPTCY JUDGE

---

[3]    Schedule F to the Debtors' petition lists total unsecured claims of $7,081.